United States District Court
Southern District of Texas
**ENTERED**
October 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT	SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Edward D. Nichols,<br><br>　　Petitioner,<br><br>v.<br><br>Bobby Lumpkin,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§　Civil Action H-21-2555<br>§<br>§<br>§<br>§<br>§<br>§ |

# Report and Recommendation

Edward D. Nichols, an inmate confined in TDCJ, filed a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254. (D.E. 1) Nichols paid the $5 filing fee.

I.　Background

Nichols seeks relief under 28 U.S.C. § 2254 from a conviction for sexual assault of a child between the ages of fourteen and seventeen, in Harris County Case No. 1627782. (D.E. 1 at 2-3) Public records show that Nichols pleaded guilty to the charge on September 23, 2020, and was sentenced to eleven years' imprisonment. Nichols did not file a notice of appeal.

In his petition, which is dated July 27, 2021, Nichols raises four grounds for relief that are not clearly articulated. To the extent that they can be understood, Nichols appears to say that the prosecution suppressed evidence showing that a witness committed perjury. (D.E. 1 at 6) Nichols further alleges that there was insufficient evidence to support his conviction. *Id.* Nichols also claims that an investigator failed to *Mirandize* him during a "noncustodial" interview. *Id.* at 7. Finally, Nichols alleges that his attorney

was ineffective for failing to investigate unspecified "unethical acts" or misconduct by the trial court. *Id.*

Nichols contends that he filed a state habeas application challenging the conviction, but provided no additional information. The court ordered Nichols to provide additional facts relating to his state habeas application within thirty days. (D.E. 4) Nichols did not comply, but instead wrote several letters to the court that requested a "clemency form" and lodged more claims of ineffective assistance against his trial attorney. Specifically, Nichols says that his counsel coerced him to plead guilty and inaccurately predicted the sentence that Nichols likely would have received if he went to trial. (D.E. 7, 8) Court records show that Nichols filed a state application for a writ of habeas corpus on or around August 12, 2021, and that this application remains pending in state court.

II. Discussion

A state prisoner is required to exhaust state court remedies *before* he can seek federal habeas corpus review. Specifically, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, the petitioner must first present his claims in a procedurally proper manner to the highest state court so that it is given a fair opportunity to consider and pass upon challenges to a conviction. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Exceptions to the exhaustion requirement exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

In Texas, a criminal defendant may exhaust state remedies by direct appeal or post-conviction collateral proceedings pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). It is apparent from the

2

petition and public records that Nichols has not exhausted his proposed claims for review by the Texas Court of Criminal Appeals, either by way of direct appeal or state habeas proceedings under Article 11.07. Nichols has not satisfied the exhaustion requirement found in § 2254(b) or shown that an exception applies. Therefore, this federal habeas corpus proceeding should be dismissed without prejudice to refiling after the Texas Court of Criminal Appeals has ruled on his pending state habeas application.

III. Conclusion and Recommendation

For the reasons stated above, the court recommends that Nichols' federal habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed October 8, 2021, at Houston, Texas.

Peter Bray
United States Magistrate Judge